**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4608**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MELVIN ANTHONY BROWN, a/k/a Algernon J. Goodwin,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Terry L. Wooten, Chief District Judge.  (3:13-cr-00865-TLW-1)

Submitted:  June 28, 2018                                    Decided:  July 24, 2018

Before WILKINSON, TRAXLER, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

S. Harrison Saunders, VI, LAW OFFICE OF S. HARRISON SAUNDERS, VI, LLC, Columbia, South Carolina, for Appellant.  Tommie DeWayne Pearson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Melvin Anthony Brown appeals his conviction and 90-month sentence imposed by the district court after he pled guilty to access device fraud, in violation of 18 U.S.C. § 1029(a)(2), (c)(1)(A)(i) (2012).[1] Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal. Counsel questions, however, whether Brown's guilty plea was knowing and voluntary, whether Brown's sentence is reasonable, and whether Brown was entitled to an evidentiary hearing in his related 28 U.S.C. § 2255 proceeding. Brown was notified of his right to file a pro se supplemental brief and has filed several supplemental briefs.[2] We affirm.

---

[1] Brown subsequently filed a motion under 28 U.S.C. § 2255 (2012), contending, among other things, that counsel failed to file a notice of appeal after being directed to do so. *See United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993). Without an evidentiary hearing, the district court granted relief on Brown's *Peak* claim and dismissed the remaining claims without prejudice. In accordance with *Peak*, the district court entered an amended criminal judgment, from which Brown and his counsel both filed timely notices of appeal. After the district court entered the amended criminal judgment—the subject of this appeal—the district court granted Brown's Fed. R. Civ. P. 59(e) motion in the § 2255 proceeding, vacated its prior order, and purported to vacate the amended criminal judgment, and, in a separate order, rejected on the merits Brown's ineffective assistance claim relating to a role-in-the-offense enhancement and found all other ineffective assistance claims waived. Because the district court entered the amended criminal judgment and Brown filed his notice of appeal before the district court granted Rule 59(e) relief, we conclude that the portion of the district court's order purporting to vacate the amended criminal judgment does not affect this appeal. *See Doe v. Pub. Citizen*, 749 F.3d 246, 258 ) (4th Cir. 2014).

[2] Specifically, Brown contends that the district court's bias and "overbearing demeanor" created a conflict of interest between Brown and defense counsel that caused counsel to provide ineffective assistance; that counsel provided ineffective assistance by failing to properly investigate and prepare effective mitigating evidence and by advising

2

A guilty plea is valid if the defendant voluntarily, knowingly, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted). Before accepting a guilty plea, a district court must ensure that the plea is knowing, voluntary, and supported by an independent factual basis. Fed. R. Crim. P. 11(b); *United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). "In evaluating the constitutional validity of a guilty plea, courts look to the totality of the circumstances surrounding it, granting the defendant's solemn declaration of guilt a presumption of truthfulness." *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010) (brackets and internal quotation marks omitted). With regard to the factual basis, "the district court possesses wide discretion, and it need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the

---

him to withdraw his challenge to a sentencing enhancement; that the district court erred in ordering restitution; that the district court erred by granting Brown's § 2255 motion and allowing him to file a direct appeal, knowing that Brown's plea agreement contained an appeal waiver; that he is entitled to relief under *United States v. Carthorne*, 878 F.3d 458 (4th Cir. 2017); and that he is entitled to relief under *Rosales-Mireles v. United States*, 138 S. Ct. 1897 (2018).

The ineffective assistance claims relating to the failure to object to the role enhancement and the filing of a belated notice of appeal, as well as the claim regarding the absence of an evidentiary hearing in the § 2255 proceeding, are not before us because Brown did not file a notice of appeal from the § 2255 order entered by the district court in October 2017. Further, the claim relating to the alleged conflict of interest is not cognizable in this direct appeal. *See United States v. Galloway*, 749 F.3d 238, 241 (4th Cir. 2014) (providing standard for ineffective assistance claims raised on direct appeal). Finally, we have considered Brown's remaining pro se claims and conclude that they lack merit.

offense."  *United States v. Ketchum*, 550 F.3d 363, 366 (4th Cir. 2008) (internal quotation marks omitted).

Because Brown neither raised an objection during the Fed. R. Crim. P. 11 proceeding nor moved to withdraw his guilty plea in the district court, we review his Rule 11 proceeding for plain error.  *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014).  To prevail under the plain error standard, Brown "must demonstrate not only that the district court plainly erred, but also that this error affected his substantial rights."  *Id.* at 816.  A defendant who pled guilty establishes that an error affected his substantial rights by demonstrating a reasonable probability that he would not have pled guilty but for the error.  *United States v. Davila*, 569 U.S. 597, 608 (2013).

We conclude that the district court's minor omissions from the plea colloquy[3] did not affect Brown's substantial rights and that the court did not plainly err in finding that Brown knowingly and voluntarily entered his plea and that an adequate factual basis supported it.  *See* 18 U.S.C. § 1029(a)(2); *Davila*, 569 U.S. at 608.  Moreover, based on the totality of the circumstances, Brown has not rebutted the presumption of truthfulness accorded his "solemn declaration[s]" at the plea colloquy.  *See Moussaoui*, 591 F.3d at 278.  Thus, we conclude that Brown's plea was knowing and voluntary, *Fisher*, 711 F.3d at 464,

---

[3] Specifically, the district court did not inform Brown of his right to counsel at every stage of the proceedings, Fed. R. Crim. P. 11(b)(1)(D); his rights to present evidence and against compelled self-incrimination, Fed. R. Crim. P. 11(b)(1)(E); the possibility of asset forfeiture, Fed. R. Crim. P. 11(b)(1)(J); the court's obligation to consider the 18 U.S.C. § 3553(a) (2012) factors, Fed. R. Crim. P. 11(b)(1)(M); and the potential immigration consequences of pleading guilty, Fed. R. Crim. P. 11(b)(1)(O).

4

and "final and binding," *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

Next, "[w]e review a sentence for reasonableness 'under a deferential abuse-of-discretion standard.'" *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. In determining procedural reasonableness, we must consider whether the district court properly calculated the Guidelines range, treated the Guidelines as advisory rather than mandatory, gave the parties an opportunity to argue for an appropriate sentence, considered the § 3553(a) factors, selected a sentence not based on clearly erroneous facts, and sufficiently explained the chosen sentence. *Id.* at 49-51. If the district court's sentencing decision is procedurally reasonable, then we must consider whether the sentence imposed is substantively reasonable. *Id.* at 51. Substantive reasonableness is based on "the totality of the circumstances." *Id.* We presume that a sentence imposed within a properly calculated Guidelines range is reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Our review of the record leads us to conclude that the district court committed no significant procedural error. *See Gall*, 552 U.S. at 49-51. Substantively, Brown's sentence of 90 months is within the properly calculated Guidelines range, and Brown has not rebutted the presumption of reasonableness accorded his within-Guidelines-range sentence. *See Louthian*, 756 F.3d at 306. We therefore conclude that the sentence is reasonable. *See Gall*, 552 U.S. at 51.

5

In accordance with *Anders*, we have reviewed the entire record in this case and have identified no meritorious grounds for appeal. We therefore affirm the amended criminal judgment of the district court. This court requires that counsel inform Brown, in writing, of the right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*